```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARJORIE R. PERRIN, on behalf of herself
and all others similarly situated,

                          Plaintiff,             03-CV-6545T

           v.                                    DECISION
                                                 and ORDER

GREECE CENTRAL SCHOOL DISTRICT and
HILB, ROGAL & HAMILTON CO. OF
UPSTATE NEW YORK, INC.,

                          Defendants.
_____
```

INTRODUCTION

Plaintiff Marjorie Perrin ("Perrin") brings this action pursuant to the Age Discrimination in Employment Act ("ADEA") against her former employer Greece Central School District, (the "School District") and the School District's Long-Term Disability ("LTD") Insurance provider Hilb, Rogal, and Hamilton of Upstate New York, Inc., ("Hilb") claiming that the defendants violated her rights under the ADEA by denying her LTD benefits because she was over the age of 70. Specifically, plaintiff claims that the School District's LTD policy, which included a provision stating that LTD benefits were only available to employees under the age of 70, violated the ADEA by discriminating against employees age 70 and over. Plaintiff also alleges violations of the New York State Human Rights Law, claims that she was retaliated against for opposing discrimination, and contends that the defendants breeched an employment contract with her.

By motion dated January 21, 2005, plaintiff moves to certify her ADEA cause of action as a collective action, and have her state law discrimination claims certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Defendants oppose plaintiff's motion on grounds that: (1) the motion for class certification is untimely; (2) Plaintiff has failed to establish the prerequisites necessary for class certification; (3) the proposed class lacks numerosity; and (4) plaintiff is not an adequate class representative and no other class members have been identified.

In response to the defendants' opposition to the motion for certification, plaintiff asks the court for permission to withdraw the motion subject to refiling, or to adjourn the motion to allow discovery on the issue of who potential class members may be. Defendants oppose plaintiff's request to withdraw or adjourn the motion.

For the reasons set forth below, I find that the plaintiff has failed to meet her burden of demonstrating that this case should proceed as a class action or as collective action, and therefore I deny plaintiff's motion.

## BACKGROUND

Marjorie Perrin worked as a school bus driver for the Greece Central School District for approximately 25 years. On January 22, 2003, plaintiff was suspended from her job for 30 days and charged with incompetence and misconduct after she left a preschool-age child unattended on her bus for approximately four hours. Pursuant

to New York Civil Service Law § 73, plaintiff was discharged from her employment in January, 2004, after she had failed to return to work following her suspension.

On July 10, 2003, plaintiff filed a discrimination complaint with the EEOC alleging that the LTD policy was discriminatory because it excluded coverage for persons over the age of 70.[1] Nevertheless, during that same month, plaintiff (who was over the age of 70 at the time) filed an application for LTD benefits pursuant to the District's LTD plan. Plaintiff alleged that she was totally disabled as a result of stress, anxiety and depression, but failed to submit medical evidence in support of her application. Plaintiff, who was represented by counsel at the time, was given an opportunity to supplement her application, and on September 5, 2003, she submitted medical forms indicating that she suffered from chronic physical pain, including knee and joint pain.

On September 8, 2003, plaintiff's EEOC complaint was dismissed on grounds that the EEOC could not establish that the plaintiff had been discriminated against. On September 16, 2003, plaintiff's application for LTD benefits was denied. The basis for the rejection was that (1) plaintiff was no longer working for the

---

[1] Defendants admit that the LTD policy contained a limitation on benefits for persons age 70 and older. Defendants also acknowledge that with the adoption of the ADEA in 1986, such an age limitation was no longer valid. According to the defendants, the LTD policy language was amended in August, 2003 to remove the invalid age limitation, but no explanation is offered as to why the invalid limitation remained in place for approximately 17 years.

school district following her suspension; (2) plaintiff had failed to meet the minimum hour requirement to be eligible under the plan because she had not been regularly scheduled to a work a 20 or more hour work week; (3) plaintiff had been absent from work; and (4) plaintiff had failed to supply information regarding other benefits that she may have been receiving. Although plaintiff was over the age of 70, her age was not stated as a reason for denying her application for benefits. On October 31, 2003, plaintiff filed the instant Complaint.

Although plaintiff does not allege that she was denied benefits because she is over the age of 70, she claims that the defendants' policy of prohibiting persons over the age of 70 from receiving LTD violates the ADEA and New York State law. Plaintiff's complaint challenges this policy, and she seeks to be appointed as the lead plaintiff in a collective action under the ADEA, and as the lead plaintiff in a class action suit under New York State law.

## DISCUSSION

Plaintiff seeks to have her ADEA claims certified as a collective action on behalf of similarly situated employees. In support of her claims, she contends that the defendants have a policy of discriminating against employees age 70 and older by denying them long-term disability benefits because of their age, regardless of whether or not they are disabled.

The ADEA, by reference to the Fair Labor Standards Act ("FLSA"), provides that a plaintiff may bring an action to enforce

the ADEA on behalf of "himself . . . or other employees similarly situated." 29 U.S.C. § 216(b). "The threshold issue in deciding whether to authorize class notice in an FLSA action is whether plaintiffs have demonstrated that potential class members are "'similarly situated.'" Hoffman v. Sbarro, 982 F.Supp. 249, 261 (S.D.N.Y., 1997). The plaintiff's burden in demonstrating that he is similarly situated with other persons, and that collectively he and others have been discriminated against, is "minimal." Gjurovich v. Emmanuel's Marketplace, Inc., 282 F.Supp.2d 101, 104 (S.D.N.Y., 2003).

In the instant case, while the plaintiff has alleged the existence of a discriminatory policy, she has failed to establish or even allege that she was discriminated against on the basis of the policy. Rather, she claims that the reasons stated for the denial of benefits were either pretextual impermissible. Complaint at ¶ 36. Such claims are substantially different from the claims of potential plaintiffs who were victims of the allegedly discriminatory policy. Indeed, this substantial difference is recognized in plaintiff's Complaint, which alleges that the potential class of plaintiffs in this case is comprised of "those who were deterred from applying for benefits because of the Policy's facially discriminatory terms and who are now entitled to such benefits because of the defendants' deliberate estoppel in deterring such applications." Complaint at ¶ 3. Unlike the potential class members, plaintiff was not deterred from applying for benefits under the policy, and indeed admits that she applied

for benefits and that the defendant accepted and reviewed her application. Nor has plaintiff established that she is similarly situated to employees who would have been entitled to benefits but for their age. Rather, plaintiff's allegations demonstrate that her application was denied for reasons not related to her age, and, as stated above, plaintiff does not allege that she was denied benefits because she was over the age of 70. Because plaintiff's claims are substantially different from the claims of other potential plaintiffs, I find that she is not similarly situated with those potential plaintiffs, and therefore is not qualified to prosecute a collective action on their behalf. Accordingly, I deny plaintiff's motion to certify her ADEA claims as a collective action.

For the same reasons, I deny plaintiff's motion to certify her state law claims as a class action. To certify a class under FRCP Rule 23(a), a plaintiff must demonstrate that class members are sufficiently numerous, share common questions of law or fact, that representative parties' claims or defenses are typical of those in the class, and that the representative parties adequately protect the interests of the class. Fed R. Civ. P. 23(a). As stated above, I find that the plaintiff does not share common questions of law or fact with other potential plaintiffs in a class action alleging that the LTD plan violates the New York State Human Rights Law. Plaintiff was denied benefits for reasons other than her age, whereas the class action plaintiffs would be proceeding on claims of age discrimination. Additionally, the defenses to plaintiff's

claims are distinct from the potential defenses (if any) to the class of plaintiffs identified in the Complaint. Specifically, plaintiff was denied benefits because she had failed to work the requisite number of hours prior to applying for benefits; may have been receiving benefits from another source; had been suspended from her job; and had not performed her job for six months prior to applying for benefits. Such defenses are substantially different to defenses to a claim that an employee was denied benefits solely because of his or her age. Further, plaintiff has failed to make any showing that the number of employees who may have been discriminated pursuant to the defendants' policy is so numerous as to require certification as a class action.

## CONCLUSION

For the reasons set forth above, I deny plaintiff's motion for class action certification pursuant to Rule 23 of the Federal Rules of Civil Procedure, and deny plaintiff's motion for certification of her federal claims as a collective action.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         September 20, 2005